UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH M. HOPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>G. AHERN, et al.,<br><br>    Defendants. | Case No. 18-cv-07190-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that the Alameda County Sheriff's Department housed him in constitutionally inappropriate conditions while he was held at Santa Rita Jail ("Santa Rita") from 2016 through 2018 as a "pre-trial defendant under federal custody." Dkt. 11 at 4.[1] The operative complaint is Plaintiff's amended complaint. *See* Dkt. 11. He was previously granted leave to proceed *in forma pauperis*. Dkt. 8. Venue is proper because the events giving rise to the claim are alleged to have occurred in Santa Rita, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his amended complaint, Plaintiff names the following Defendants: Alameda County Sheriff's Office ("ACSO") Sheriff Gregory Ahern; Alameda County; California Forensic Medical Group ("CFMG"); Nurse Magat; ACSO Deputies Lincoln and Covingtonis; ACSO Sergeant Stuart; ACSO Captain Skoldvist; and "Does 1-30," who are unnamed ACSO jail officials. Dkt. 11 at 6-7. Plaintiff seeks monetary damages. *Id.* at 3-4.

The Court now conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

Plaintiff alleges the following in his amended complaint about events that occurred when he was a "pre-trial defendant under federal custody" in Santa Rita from 2016-2018: Plaintiff

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1 suffers from "chronic sleep apnea which is a serious condition that requires the use of a CPAP[2]
2 machine, whenever he sleeps, to correct his abnormal breathing." Dkt. 11 at 8. Plaintiff claims
3 that during his three years of incarceration at Santa Rita, he had to "sleep every night in the Out-
4 Patient Housing Unit (OPHU) because there are no electrical outlets in the general population
5 housing units." *Id.* Beginning in 2016, Plaintiff experienced denial/interruption to his medical
6 treatment, and thus he claims that he "started experiencing daily headaches and extreme daytime
7 drowsiness." *Id.* Plaintiff alleges that "[t]here was no medical staff at [Santa Rita] that could help
8 [him] with his sleep apnea symptoms, thus [he] was left to suffer . . . daily." *Id.* at 9. Aside from
9 claims of deliberate indifference to his serious medical needs based on a denial/interruption of
10 medical treatment, Plaintiff's 29-page amended complaint asserts multiple claims for relief against
11 a total of 23 defendants (including numerous Doe defendants), from whom he seeks monetary
12 damages. As mentioned above, the allegations in the amended complaint cover a span of time
13 from 2016 through June 2018 and include a variety of claims, including due process violations,
14 retaliation, Eighth Amendment violations, and negligence. *See* Dkt. 11 at 25-27.

Having reviewed the amended complaint, the Court finds various pleading deficiencies exist that require the amended complaint be DISMISSED with leave to amend.

**III. DISCUSSION**

    **A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[2] CPAP, which is short for continuous positive airway pressure, is a machine used by those suffering from sleep apnea that pushes air into their airways to keep them open. *See* https://www.webmd.com/sleep-disorders/sleep-apnea/features/cpap-machine#1 (last visited Oct. 1, 2019).

2

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

3

### B. Legal Claims

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Under both the Due Process Clause and the Eighth Amendment, a key issue is whether the state actor acted with "deliberate indifference" to a medical need, for example. In the past, the standard under both constitutional provisions was a subjective deliberate-indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122-23 (9th Cir. 2018). However, this subjective deliberate-indifference standard has changed in the Ninth Circuit and several other circuits. *Id.*; *see also Estate of Vallina v. County of Teller Sheriff's Office*, 2018 WL 6331595, at *2 (10th Cir. Dec. 4, 2018) (collecting cases). Now, the deliberate-indifference standard applying to a pretrial detainee's claim is an *objective* one rather than the subjective one that continues to apply to a convicted prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable: "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted). "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). Under this test, "[t]here is no separate inquiry into an officer's subjective state of mind." *Horton v. City of Santa Maria*, No. 15-56339, slip op. at 17 (9th Cir. Feb. 1, 2019).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not

4

state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Here, Plaintiff's amended complaint is deficient in several respects. First, as explained above, Plaintiff's amended complaint is 29 pages long, contains multiple legal claims, and names 23 Defendants. The amended complaint is extraordinarily broad and appears to touch upon everything Plaintiff found objectionable during his three-year incarceration at Santa Rita from 2016 through 2018. Thus, the amended complaint alleges several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Specifically, the claims against the 23 Defendants cover a broad array of different incidents by different individuals over the course of approximately three years. In his second amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a three-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his second amended complaint, they will be dismissed.

Second, some of the claims raised in Plaintiff's amended complaint appear not to have been exhausted through the administrative grievance procedure at Santa Rita pursuant to the exhaustion requirement of the Prison Litigation Reform Act of 1995. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") Plaintiff merely lists some grievances he filed at Santa Rita. Dkt. 11 at 10, 11, 12, 13. Plaintiff does not specifically address exhaustion of the grievance procedure at Santa Rita as to each claim. Because Plaintiff did not

5

attach any of his grievance forms, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on each of the claims he alleges, prior to filing his suit. Thus, it appears that some of Plaintiff's claims may be unexhausted and subject to dismissal. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his amended complaint to so allege, as set forth below.

Third, Plaintiff alleges that on November 7, 2017 and March 4, 2018, some unidentified person(s) who were part of the "Intake and Release ("ITR") security movement failed to pick [him] up from his housing unit and escort him to OPHU for his CPAP treatment." Dkt. 11 at 11. Plaintiff then claims he filed a grievance on November 8, 2017 complaining about the denial of his medical treatment. *Id.* at 12. He again filed the same grievance after the March 4, 2018 incident where he was not escorted to OPHU for his CPAP treatment. *Id.* at 13. Both grievances were "affirmed" and forwarded to "the appropriate supervisors for review." *Id.* at 12-13. Plaintiff claims that certain unknown person(s) on the medical staff, described as Defendant Does 1-3, were the supervisors who "d[id] nothing to ensure that the Plaintiff's right to his prescribed medical treatment was not violated again," but does not state the dates on which this occurred. *Id.* at 13. He does not appear to allege that he received no access to his CPAP treatment for the entire time from November 2017 until March 2018, and does not clearly identify the person(s) on the medical staff who allegedly caused the problem. In order to give the defendant(s) fair notice to enable the defendant(s) to defend against this claim, Plaintiff must be more specific as to the dates on which his CPAP treatment was denied and/or interrupted and must link the defendants to this claim, as explained below.

Fourth, the complaint does not state a claim against the municipal defendants (Alameda County, CFMG, and Defendant Ahern in his official capacity as ACSO Sheriff). There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that the alleged individual wrongdoer was employed by one of these institutional defendants would not be a sufficient basis on which to hold the employing

6

institutional defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to defend itself effectively, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to allege merely that a policy, custom, or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom, or practice. *See id.* at 636-68.

Fifth, when Plaintiff adds individuals as defendants, he must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "jail staff"). Rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under section 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). As mentioned above, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Taylor*, 880 F.2d at 1045; *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Sixth, if, by the deadline for filing his second amended complaint, Plaintiff is unable to obtain the name of individuals who he contends violated his constitutional rights, he may sue the persons as Doe defendants, but only if he complies with certain requirements. The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v.*

7

*Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing a complaint. Although the use of a John Doe or Jane Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a John Doe or Jane Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her true name. The burden remains on the plaintiff to identify the defendant; the Court will not undertake to investigate the name and identity of an unnamed defendant. Here, the Court will provide an extended length of time for Plaintiff to file his second amended complaint so that he will have the time to try to learn the names of the persons who allegedly violated his rights. If Plaintiff files a second amended complaint using John Doe or Jane Doe designations, he must at that same time inform the Court of each and every step he took to try to learn the name of each of those Doe defendants. Further, his second amended complaint must allege what each Doe defendant did that caused a violation of his constitutional rights, because each Doe defendant should represent a specific person. For example, John Doe # 1 may have refused to escort him to OPHU for his CPAP treatment on "x" date, and Jane Doe # 2 may have refused to ensure that Plaintiff's right to his prescribed medical treatment was not violated on "y" date. As to each instance, Plaintiff would need to provide the date, as well as describe what the defendant did or failed to do that caused a violation of his constitutional rights.

Finally, suing Defendant Ahern in his individual capacity as ACSO Sheriff is not sufficient. Dkt. 11 at 6. As mentioned, there is no respondeat superior liability under section 1983. *See Taylor*, 880 F.2d at 1045. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 676-83. Appropriate defendants would include the ACSO jail officials who supervised his daily activities and the medical staff who denied his requests to be escorted to

8

OPHU for his CPAP treatment, etc. Plaintiff also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability.

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the amended complaint state cognizable claims for relief with respect to each of the 23 Defendants who were allegedly responsible for the constitutional violations at the time he was incarcerated at Santa Rita. Furthermore, Plaintiff has failed to allege that he has properly exhausted his claims and that they meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff will be given leave to file a second amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While Plaintiff must, in filing his second amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondeat superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

**IV. CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's amended complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise, and direct** second amended complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly

9

caused the deprivation of Plaintiff's constitutional rights; and

    iii. Identify the injury resulting **from each claim**;

  b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

  c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a three-year period in prison that he finds objectionable, the second amended complaint may only allege claims that:

    i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

    ii. Present questions of law or fact common to **all defendants**;

  d. **Does not** make conclusory allegations linking each defendant by listing them as having "direct involvement" to his claims without specifying how each defendant was linked through their actions;

  e. **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

  f. **Does not** name Doe defendants unless he complies with the requirements for naming "John Doe" and "Jane Doe," which are listed above.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his second amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 18-7190 YGR (PR) -- on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the second amended complaint completely replaces the original and amended complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original or amended complaints by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the

questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

**Plaintiff's failure to file his second amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: October 10, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge