UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH M. HOPKINS,
    Plaintiff,
    v.
G. AHERN, et al.,
    Defendants.

Case No. 18-cv-07190-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution - Lompoc, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Alameda County Sheriff's Office ("ACSO") housed him in constitutionally inappropriate conditions on three different occasions while he was held at Santa Rita Jail ("SRJ") from 2017 through 2018 as a pre-trial defendant under federal custody. Dkt. 20 at 3-5. The operative complaint is the Second Amended Complaint ("SAC"). *See id.* He was previously granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 8. Venue is proper because the events giving rise to the claim are alleged to have occurred in SRJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff names the following Defendants from SRJ: Alameda County, Sheriff G. Ahern, Deputy Fred Lincoln, and Does 1-25, who are unnamed ACSO jail officials. *Id.* at 2. Plaintiff seeks monetary and punitive damages. *Id.* at 3.

Based upon a review of the SAC pursuant to 28 U.S.C. § 1915A, it is DISMISSED for failure to state a claim.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

### B.  Legal Claims

In his SAC, Plaintiff complains about the conditions at SRJ during three instances during the time frame between November 2017 and August 2018. Dkt. 20 at 3-5. First, Plaintiff alleges that on November 28, 2017, he was "forced to endure the stench of human waste for approximately 8 hours." *Id.* at 5. On that same date, Plaintiff claims that he was "locked into a cell he occupie[d] for his CPAP[1] treatment, and upon walking into the cell the smell of strong urine was permeating the breathing air in the cell." *Id.* Plaintiff discovered that the "extra bed that was placed in the cell was reeking of human waste," and he requested that Defendant Lincoln remove the bed. *Id.* Defendant Lincoln did not respond to Plaintiff's request, and Plaintiff was "left to suffer all night" and "unable to use his CPCP machine or go to sleep." Plaintiff submitted

---

[1] CPAP, which is short for continuous positive airway pressure, is a machine used by those suffering from sleep apnea that pushes air into their airways to keep them open. *See* https://www.webmd.com/sleep-disorders/sleep-apnea/features/cpap-machine#1 (last visited July 10, 2020).

a grievance on this issue, "which turned into a series of three grievances on the sanitation issue." *Id.* Ultimately, Plaintiff's "grievance was affirmed." *Id.*

Next, on January 26, 2018, which Plaintiff was "undergoing CPAP treatment for his sleep apnea condition in the Out-Patient Housing Unit ("OPHU")," he received a breakfast tray from Deputy Abbout (a non-party) that was "contaminated with mice feces." *Id.* at 3-4. Plaintiff had eaten fruit from the tray before he discovered the contamination, and he suffered from nausea, for which received treatment. *Id.* at 4. Plaintiff claims that prior to receiving the tray, he had complained of the "mice infestation, the sanitation, and the inability to clean the cell or toilet." *Id.* at 4. Plaintiff states that his cell for his CPAP treatment "was filthy with thick dust and the sink and toilet were in a horrible condition." *Id.* However, "[a]ny complaints to Defendant Lincoln w[ere] met with dismissal as he would not provide cleaning supplies . . . ." *Id.*

Lastly, on August 7, 2018, Plaintiff was served another contaminated breakfast tray. *Id.* at 5. Plaintiff did not eat anything from the tray and complained to the deputy about the contamination. *Id.* He was given treatment for nausea. *Id.*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See id.* Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Johnson v. Lewis*, 217 F.3d 726, 732-33 (9th Cir. 2000); *see, e.g.*, *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995).

Here, Plaintiff's assertions of the conditions at SRJ during the three aforementioned instances are not a sufficiently serious deprivation to trigger an Eighth Amendment concern. *Cf. Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citations and quotation marks omitted). Being provided two contaminated food trays and forced to endure the stench on two separate occasions did not deprive Plaintiff of the minimal civilized measure of life's necessities, as explained below.

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See, e.g.*, *Anderson*, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state Eighth Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds* 493 U.S. 801 (1989); *Holloway v. Gunnell*, 685 F.2d 150, 155-56 (5th Cir. 1982) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water for hours).

The SAC fails to state a claim for relief under section 1983. The allegations that Plaintiff received two contaminated food trays and had to endure two separate instances of stench from human feces and urine are insufficient to state an Eighth Amendment violation, and no amendment of the complaint can cure that.[2] *See Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (single instance of finding mouse in

---

[2] The Court notes that Plaintiff has already been given previous opportunities to amend his claims. *See* Dkts. 9, 12.

4

food not actionable). Federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

Accordingly, the SAC is DISMISSED. Even when liberally construed, Plaintiff's allegations do not state a cognizable claim for relief under section 1983 that Defendants have violated his constitutional rights.

### III. CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's SAC is DISMISSED for failure to state a claim.

2. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

3. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: July 22, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge